UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,

        Plaintiff,               CIVIL ACTION NO. 06-10240

      v.                    DISTRICT JUDGE JOHN FEIKENS

NEWS AMERICA INCORPORATED    MAGISTRATE JUDGE VIRGINIA MORGAN
a/k/a NEWS AMERICA MARKETING
GROUP, NEWS MARKETING FSI, INC.
a/k/a NEWS AMERICA MARKETING
FSI, LLC, and NEWS AMERICA
MARKETING IN-STORE SERVICES, INC.
a/k/a NEWS AMERICA MARKETING
IN-STORE SERVICES, LLC,

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS COUNTS
## IV THROUGH XII OF THE AMENDED COMPLAINT

This matter is before the court on the defendants' motion to dismiss the non-federal

claims of the Amended Complaint.  On September 28, 2006, the court entered a Report and

Recommendation (D/E 35) recommending that defendants' Motion to Dismiss the original

complaint be granted.  That document is incorporated herein by reference.  The recommendation

was to dismiss the federal claims without prejudice and to dismiss the nine separate state law

claims regardless of whether the federal claims were amended for the reason that the state law

claims substantially predominated over the federal claims.  Thus, they should not be before the

court pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.  Instead of filing

objections to the Report & Recommendation, Valassis filed an amended complaint ignoring the

recommendation to dismiss the state law claims.  The nine state claims continued to be included

on the Amended Complaint.  For the reasons set forth in this Report, it is recommended that the

instant motion be granted and the state claims be dismissed.

The background of the case is summarized briefly here and in more detail in the previous

report.[1]  Valassis Communications, Inc. (Valassis) sued News America Incorporated, News

America Marketing FSI, and News America Marketing In-Store Services, Inc. (collectively

"News") for violation of the Sherman Anti-Trust Act, 15 U.S.C. §§1-3, for tortious interference

with a business relationship, and for violations of various state laws in separate states.  The

parties are the two principal, if not only, providers of Free Standing Inserts (FSIs), the coupon

inserts that come to consumers in newspapers.  News also has achieved, according to Valassis,

monopolistic or near-monopolistic power in the in-store promotion market.[2]  In-store product

advertisements are coupon dispensers, shopping cart advertisements, etc., which attract shoppers

to particular products while they are in the store.  News has contracts with various grocery, drug

stores, and similar entities throughout the United States.  These contracts are exclusive and

preclude the installation of in-store marketing devices by anyone other than News.  Valassis says

_____

[1]That Report and Recommendation has not been accepted or rejected by the district
judge.  Without filing objections to the Report, Valassis filed an Amended Complaint.

[2]The parties dispute whether there are two separate product markets.  As discussed in the
Report & Recommendation, market definition is a highly fact-based analysis that generally
requires discovery.  The court concluded that Valassis had sufficiently alleged the existence of
two separate product markets to withstand a 12(b)(6) motion to dismiss.

that News is attempting to leverage its power in that market to eliminate competition in the FSI

market by illegal tying arrangements, predatory pricing, and similar anti-competitive conduct.

Valassis contends that this is unfair to Valassis and in violation of federal law, see Sherman Act,

15 U.S.C. §1 *et seq*.  Valassis also claims that the conduct of News violates the laws of several

states and alleges nine separate state law claims in its Amended Complaint.  News argues that

Valassis' action is nothing more than an attempt by an inferior competitor to level the playing

field by resorting to anti-trust laws.  News seeks dismissal of these state law claims though the

instant motion.

A review of the Amended Complaint shows that Valassis alleges the relevant geographic

market for the "two distinct products" is the United States and "their relevant regional sub-

markets."  Amended Complaint ¶36.  (D/E 36)  The Amended Complaint alleges three federal

counts under the Sherman Act: Count I - Unlawful Tying; Count II - Attempt to Monopolize,

Count III - Predatory Pricing.  Then, the rest of the complaint deals with non-federal claims:

Count IV - Tortious Interference with Business Relationship or Expectancy (legal basis

unspecified), Count V - Unfair Competition, Violation of Connecticut Unfair Trade Practices

Act; Conn. Gen. Stat. § 42-110a *et seq.*; Count VI - Unfair Competition, Violation of Nebraska

Consumer Protection Act, Neb. Rev. Stat. § 59-1601*et seq.*, Count VII - Unfair Competition,

Violation of North Carolina Unfair Methods of Competition Statute, N.C. Gen. Stat. §75-1, *et*

*seq.*, Count VIII - Unfair Competition, violation of South Carolina Unfair Trade Practices Act;

S.C. Code Ann. § 39-5-20 *et seq.*; Count IX - Unfair Competition, Violation of Utah Unfair

Practices Act, Utah Code Ann. 13-5-2.5 *et seq.*, Count X - Unfair Competition, Violation of

Washington Unfair Methods of Competition Act; Wash. Rev. Ann. § 19.86.020, *et seq.*, Count

XI - Unfair Trade Practices Act, Cal. Bus. & Prof. Code § 17000, *et seq.*, Count XII - Violation

of Cartwright Act, Cal. Bus. & Prof. Code § 16720, *et seq.*

Analysis

Standard of Review

     News seeks dismissal of the state law claims pursuant to Fed.R.Civ.P. Rule 12(b)(6).  A

motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6) tests whether, "as a matter of law, the

plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v.

Mylod, 988 F.2d 635, 638 (6th Cir. 1993).  When reviewing such a motion, the court must

construe the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's

factual allegations as true.  Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).  However, the

court "need not . . . accept as true legal conclusions or unwarranted factual inferences."

Kottmyer v Maas, 436 F.3d 684, 688 (6th Cir 2006).  Dismissal under Rule 12(b)(6) is proper

"only if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." Bloch, 156 F.3d at 677.

     It is clear that Valassis has waived any objection to the recommendation to dismiss the

state law claims.  Valassis did not file objections to the original Report and Recommendation.

The review procedure was specifically set forth in that document.  Consistent with the federal

law and local rule, failure to file specific objections constitutes a waiver of any further right of

appeal.  Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50

(6th Cir. 1981).  The district judge may simply adopt the Report and Recommendation.  See

Thomas, 474 U.S. at 152; Lardie v. Birkett, 221 F. Supp.2d 806, 807 (E.D. Mich. 2002).

Valassis argues that the filing of the Amended Complaint constitutes an objection. This is

completely without merit and no case law is cited in support of this argument. The district judge

should hold that the objections are waived and dismiss the state law claims.

Even if considered *de novo*, on the original Motion or this one, the state law claims are

without a proper basis for supplemental federal jurisdiction. The state law claims would make

discovery absolutely unmanageable and incredibly expensive, decision of summary judgment

motions impossible, and a jury trial completely unachievable. Inclusion of the state law claims

does not serve the principles of Fed.R.Civ.P. Rule 1–the just, speedy, and inexpensive resolution

of claims. District courts should deal with cases involving pendent (now supplemental) claims

in the manner that best serves the principles of economy, convenience, fairness, and comity

which underlie that doctrine. City of Chicago v. International College Of Surgeons, 522 U.S.

156, 172 (1997). As recognized by the Supreme Court over forty years ago: A federal court with

pendent jurisdiction should normally dismiss state claims without prejudice when it appears that

the state issues "substantially predominate" over the federal issues in terms of proof, scope, or

comprehensiveness of the remedy sought. United Mine Workers of America v. Gibbs, 383 U.S.

715, 726 (1966). Here, Valassis wants to look at contracts with ten of the largest supermarkets

in the nation. There will be a myriad of questions, such as when were each of these contracts

entered into, in what states the stores do business, what is the relevant market in each state or

regionally or nationally, and others. The proof issues re markets, shares of markets, pricing etc.

will be quite different from state to state. As pointed out by defendants, the elements of the state

laws are different.  Issues of jury instructions under various state laws would be a significant

potential for juror confusion and appeal.  Permitting Valassis to pursue its state claims in this

forum will cause a substantial expansion of the case beyond that necessary and relevant to

resolution of the federal anti-trust claims.  These claims must be dismissed from this case.

Federal anti-trust claims are sufficiently complex that a court should give particular pause

before bringing in additional state law matters.  See, e.g., PVD Plast Mould Industries, Ltd. v.

Polymer Group Inc., 2001 WL 1867801 at *15 (D.S.C. 2/1/01); Blue Dane Simmental Corp. v.

American Simmental Assn., 952 F.Supp. 1399, 1414 (D. Neb. 1997).  Here, going forward on

these claims would create an unmanageable lawsuit, waste federal resources, create confusion,

and increase expense and delay.

Accordingly, it is recommended that counts IV, V, VI, VII, VIII, IX, X, XI, and XII of

the Amended Complaint be dismissed without prejudice so that plaintiff can file them in the

appropriate forum should it so choose.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

 Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


    <u>s/Virginia M. Morgan</u>
    Virginia M. Morgan
    United States Magistrate Judge


Dated:  February 20, 2007

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System and/or U. S. Mail on February 20, 2007.

    <u>s/Jane Johnson</u>
    Case Manager to
    Magistrate Judge Virginia M. Morgan