UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,

       Plaintiff,

                                    Civil No. 06-10240
                                    Hon. John Feikens

       v.

NEWS AMERICA INCORPORATED
a/k/a NEWS AMERICA MARKETING GROUP,
NEWS MARKETING FSI, INC.
a/k/a NEWS AMERICA MARKETING FSI, LLC,
and NEWS AMERICA MARKETING IN-STORE
SERVICES, INC. a/k/a NEWS AMERICA
MARKETING IN-STORE SERVICES, LLC,

       Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before me is the February 20, 2007 Report and Recommendation of Magistrate Judge Morgan recommending dismissal of claims IV through XII of Plaintiff's Amended Complaint. No objections have been filed to this Report within the permissible ten day period.[1] See Fed. R. Civ. P. 72(a). I therefore may rule upon this motion.

Previously in this case, a motion to dismiss for failure to state a claim was filed regarding the original Complaint. I referred this motion to Magistrate Judge Morgan, and she filed a

---

[1] This means I need not review the report and recommendation of the Magistrate. Lardie v. Birkett, 221 F. Supp.2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). However, I may do so to correct any legal error. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (finding "better practice" is to conduct some review of Magistrate Judge's report) cited in 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3070.1 (3d ed. 2004).

Report and Recommendation dated September 28, 2006.  In this Report, she recommended dismissing with prejudice claims I through III ("the federal claims"), but permitting leave to amend, and dismissing without prejudice claims IV through XII ("the state claims").  (09/28/2006 Report & Recommendation at 26-27.)  Neither party filed objections to this report, but Plaintiff filed an Amended Complaint containing amended federal and state claims which were numbered identically to the claims in the initial Complaint.  Defendants filed a motion to dismiss the state claims in the Amended Complaint under Fed. R. Civ. P. 12(b)(6), and I referred this motion to Magistrate Judge Morgan as well.[2]

The Magistrate Judge recommends I find Plaintiff has waived its ability to bring state law claims in its Amended Complaint because it failed to object to her Report of September 28th, as Plaintiff filed an Amended Complaint instead of objections.  I disagree.  Plaintiff surely has waived its right to object to the Magistrate Judge's recommendations regarding the initial Complaint.[3]  This does not mean, however, that it has waived any ability to submit new state claims in an attempt to show this Court that it should use its power of supplemental jurisdiction to hear those new state claims with the new federal claims, even if the Court refused to hear

---

[2] Although I did not issue an order explicitly adopting the September 28th Report and Recommendation, it can clearly be inferred that I adopted at least the provision of that Report that invited an amended complaint.  To whatever extent remains necessary, I hereby adopt the remainder of that Report and Recommendation now.

[3] The Magistrate Judge is correct that an Amended Complaint cannot serve as an objection to a Report and Recommendation.  (02/20/2007 Report & Recommendation at 5.)

similar claims in the initial Complaint.[4]  Thus while I find that Plaintiff has waived its right to object to Magistrate Judge Morgan's Report and Recommendation of September 28th, I do not find that waiver also forbids Plaintiff from submitting state claims in an Amended Complaint. When both the federal claims and state claims are altered in an Amended Complaint, a fresh look at the wisdom of exercising supplemental jurisdiction is appropriate regardless of the reasons for denying supplemental jurisdiction in the initial Complaint.  The analysis conducted with respect to the initial Complaint is certainly relevant to the inquiry regarding an Amended Complaint, but it is not necessarily binding.

Nevertheless, I am convinced by the reasoning of the Magistrate Judge that I should not exercise my supplemental jurisdiction to hear the state claims because they would substantially predominate over the federal claims and because their inclusion would pose too great of a threat of juror confusion.  I hereby ADOPT the conclusion of the Magistrate Judge that claims IV, V, VI, VII, VIII, IX, X, XI, and XII should be DISMISSED WITHOUT PREJUDICE for the reasons given in the Reports and Recommendations received September 28, 2006, and February 20, 2007, and IT IS HEREBY ORDERED that the entirety of each of those Reports and Recommendations, with the exception of the reasons given in the latter report that indicate Plaintiff has waived its ability to include state law claims in its Amended Complaint by failing to object to the Report and Recommendation of September 28th, is accepted and entered as the findings of this Court.

---

[4]This is permissible because exercising supplemental jurisdiction is in the discretion of the trial court.  See 28 U.S.C. § 1367(c).  If this were a situation where the latter claims were dismissed for lack of standing or for a different non-discretionary reason finding this Court lacked power to hear them, then their re-submission in an Amended Complaint would be improper.

3

**IT IS SO ORDERED.**

Date:     March 23, 2007                              s/John Feikens                              
                                                    United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on March 23, 2007, by U.S. first class mail or electronic means.

                            s/Carol Cohron           
                            Case Manager