UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

VALASSIS COMMUNICATIONS, INC.,

    Plaintiff,

v

NEWS AMERICA INCORPORATED,
a/k/a NEWS AMERICA MARKETING GROUP,
NEWS AMERICA MARKETING FSI. INC.
a/k/a NEWS AMERICA MARKETING IN-STORE
SERVICES, INC. a/k/a NEWS AMERICA
MARKETING IN-STORE SERVICES, LLC

    Defendants

Case No. 2:06-cv-10240
Hon. Sean F. Cox

Case No. 07-706645-CZ
Hon. Michael Sapala

---

| | |
|---|---|
| Henry Baskin (P10520) | Herschel P. Fink (P13427) |
| The Baskin Law Firm | David A. Ettinger (P26537) |
| David S. Mendelson (P53572) | Lara Fetsco Phillip (P67353) |
| Law Offices of David Mendelson, P.C. | Honigman, Miller, Schwartz and Cohn LLP |
| 322 N. Old Woodward Avenue | 2290 First National Building |
| Birmingham, MI 48009 | 660 Woodward Avenue |
| (248) 646-3300/(248) 646-8277 | Detroit, MI 48226 |
| | (313) 465-7400 |
| Carl H. von Ende (P21867) | Raymond C. Fay |
| Gregory L. Curtner (P12414) | Kerin E. Coughlin |
| A. Michael Palizzi (P47262) | Constantine Cannon LLP |
| Miller, Canfield, Paddock & Stone, PLC | 450 Lexington Avenue, 17th Floor |
| 150 W. Jefferson Avenue, Suite 2500 | New York, NY 10017 |
| Detroit, MI 48226 | (212) 350-2700 |
| (313) 496-7618 | |
| | Richard L. Stone |
| Robert Petofsky | Julie A Shepard |
| Arnold & Porter, LLP | Hogan & Hartson LLP |
| 555 Twelfth Street, N.W. | 1999 Avenue of the Stars, 14th Floor |
| Washington, D.C. 20004 | Los Angeles, CA 90067 |
| (202) 942-5000 | (310) 785-4600 |
| Attorneys for Plaintiff | Attorneys for Defendants |

---

**REPORT AND RECOMMENDATION OF SPECIAL DISCOVERY MASTER
REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO
PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES**

The matters before the Special Discovery Master is Defendants' Motion to Compel Plaintiff to Produce Documents and Respond to Interrogatories, dated November 12, 2008. The Special Discovery Master has reviewed Defendants' Motion to Compel Plaintiff to Produce Documents and Respond to Interrogatories, with exhibits, Plaintiff's Brief in Opposition to Defendants' Motion to Compel Plaintiff to Produce Documents and Respond to Interrogatories, and News America's Supplemental Brief in Support of Motion to Compel Valassis to Respond Sufficiently to Interrogatories   Telephonic hearings were held on November 26 and December 4, 2008.

Based upon the parties pleadings and the discussion and statements made during the telephonic hearings:

1.   Document Request Nos. 5, 6 and 11.  Valassis stated that it believes that all documents relating to or supporting its claims, and which it would put into evidence, as to the 16 CPGs have been produced.  Valassis also stated that although it had done a search for contracts and proposals, etc., it will conduct another search and produce any documents or communications found by December 9, 2008.

2.   Document Request No. 10.  If there are any deposition or trial transcripts of Robert Reccia, Allen Schutz, Linda Schalek and/or Rick Herpick, Valassis will produce the transcripts by December 10, 2008.  Valassis will also determine what, if any, difficulties there may be in producing exhibits and will either produce the exhibits or report on the difficulty in producing the exhibits by December 10, 2008.

3.   Document Request No. 20.  Valassis will produce Chicago Tribune and Palm Beach Post "Direct Mail Combination Contracts" for the period January 2008 to date.  Relative to any other "Direct Mail Combination Contracts" for the period January 2008 to date, Valassis

with either produce said contracts or inform the Defendants and the Special Discovery Master of any burden encountered on or before December 10, 2008.

4. Document Request No. 21. Valassis is not required to produce "every piece of paper relating to costs," but it will provide information relative to media, paper and distribution costs.

5. Document Request Nos. 1, 2 and 9. A discussion was held relative to whether the most recent shared mail contracts with the 62 CPGs would be produced. Valassis stated that there may be a burden to do so and if there is such a burden, it would submit an affidavit describing the burden to search for and produce the documents. Otherwise, documents will be produced in a timely manner.

6. Document Request Nos. 7 and 8. The motion as to these requests is denied.

7. Document Request Nos. 12, 13, 14 and 15. Defendants stated they would review the documents already produced and inform the Special Discovery Master whether or not they desire to pursue these document requests.

8. Document Request Nos. 16 and 17. Valassis with either produce or inform Defendants and the Special Discovery Master, by affidavit, of the burden in searching for and producing contracts or other documents reflecting an agreement with the 15 advertising and marketing providers to market products, jointly.

9. Interrogatory Nos. 1, 3, 6, 9, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24, 26 and 27. After Defendants' Motion was filed, Valassis supplemented its answers to the subject interrogatories. The interrogatories answers was discussed during several different telephonic hearings. On December 4, 2008, the Special Discovery Master inquired as to whether Valassis could represent that in its answers to the interrogatories it has supplied all facts known to it at the time and that it did not withhold any facts based upon any objections. By e-mail dated

{34357\1\DT358785.DOC;1}

2

December 9, 2008 from Michael Palizzi to the Special Discovery Master, with copies to defense counsel, Valassis represented that its answers to the interrogatories were ". . . complete when written based upon Valassis' review and analysis of information and documents thus far obtained, and that Valassis did not withhold any information based upon the objections raised." The Special Discovery Master finds this representation to be sufficient for purposes of deciding Defendants' Motion and will not require further supplementation at this time. The Special Discovery Master also notes that in the December 9 e-mail Valassis stated that it "reserves the right to supplement or amend its responses with additional information or documents as discovery and Valassis' own review of documents and information continues." The Special Discovery Master is not ruling as to whether the reservation is appropriate or the effect of any future attempted supplementation of the interrogatory answers. There may or may not be an issue raised depending upon whether any of the interrogatory answers are supplemented and Defendants' position relative to the supplemental answer.

                                                  Respectfully submitted,

                                                  /s/ William A. Sankbeil
                                                  William A. Sankbeil
                                                  Special Discovery Master
                                                  500 Woodward Avenue, Suite 2500
                                                  Detroit, MI 48226-3437
                                                  (313) 961-0200

Dated: December 16, 2008                      was@krwlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on December 17, 2008, I electronically filed the foregoing Report and Recommendation of Special Discovery Master Regarding Defendants' Motion to Compel Plaintiff to Produce Documents and Respond to Interrogatories with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

            By: /s/ William A. Sankbeil
              William A. Sankbeil (P19882)
            KERR, RUSSELL AND WEBER, PLC
            500 Woodward Avenue, Suite 2500
            Detroit, Michigan  48226
            Telephone:  (313) 961-0200
            Facsimile:  (313) 961-0388
            was@krwlaw.com