UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,        Case No. 06-10240

        Plaintiff,                 ARTHUR J. TARNOW
                                  SENIOR UNITED STATES
v.                               DISTRICT JUDGE

NEWS AMERICA INCORPORATED,
a/k/a NEWS AMERICA MARKETING
GROUP, NEWS AMERICA MARKETING
FSI, INC a/k/a NEWS AMERICA
MARKETING FSI, LLC and NEWS
AMERICA MARKETING IN-STORE
SERVICES, INC. a/k/a NEWS AMERICA
MARKETING IN-STORE SERVICES
LLC,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO ADOPT IN PART AND REJECT IN PART THE REPORT AND RECOMMENDATION [404] and ADOPTING REPORT AND RECOMMENDATION [403]

On January 24, 2011, the Panel of Special Masters issued a unanimous Report and Recommendation (R&R) [403], including a Proposed Order. On February 17, 2011 Defendants filed a Motion to Adopt in Part and Reject in Part the R&R [404]. *See* Dkt. [404], [405]. Plaintiff filed a Response [408] on March 3, 2011. Defendants filed a timely Reply [410]. Defendants bring specific objections to the R&R. For the reasons stated below, the Court denies Defendants' Motion and adopts the Panel's R&R as its own.

Federal Rule of Civil Procedure 52(f)(4) provides that this court "must decide de novo all objections to conclusions of the law made or recommended by a master." Fed. R. Civ. P. 53(f)(4). Plaintiff's suggestion that the Panel's recommendation should be accepted "absent a showing of

serious error" is without basis in law.  Resp. [408], at 1.

First, Defendants argue that while they support the cost-based test adopted by the Panel–using the Ninth Circuit's ruling from *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008)–Defendants would like the test to be applied on a marketwide basis.  Defs.' Mot. [405], at 2.  Defendants argue that the *PeaceHealth* test–the same test Defendants advocated for in prior briefings to the Court–is inconsistent with Sixth Circuit law.  *Id.* at 2-3; *see* Pl.'s Resp. [408], at 4 (citing Defendants' previous arguments advocating for the *PeaceHealth* standard).  The Court disagrees.

As Plaintiff argues, the cases cited by Defendants dealt with single-product predatory pricing.  *See, e.g.*, *Directory Sales Mgmt. Corp. v. Ohio Bell Tel. Co.*, 833 F.2d 606, 614 (6th Cir. 1987) (considering whether the pricing of advertising space in the yellow pages was predatory). Here, the cost-based standard is to be used for bundling and tying.  The Court does not find the Panel's use of this standard to be inconsistent with Sixth Circuit law as Defendants argue.

Second, Defendants object to the cost-based safe harbor for "short term" arrangements only. Defs.' Mot. [405], at 3.  Plaintiff correctly states that there is no requirement that exclusive dealing contracts only create an antitrust injury if they involve below-cost prices.  Pl.'s Resp. [408], at 5. If a contract "will foreclose competition in a substantial share of the line of commerce affected," a violation of antitrust law may exist.  *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 327 (1961).  The Court finds that the Panel's recommendation as to this issue is appropriate.

Third, Defendants argue that the Panel's cost standard "could" include too many "fixed" costs that may lead to a price floor below a predatory level.  Defs.' Mot. [405], at 8.  The Court adopts the Panel's recommendation to "define the appropriate measure of incremental cost as clearly as possible."  R&R, at 7.  This recommendation is consistent with Sixth Circuit law.  *See Spirit*

*Airlines, Inc.  v. Northwest Airlines, Inc.*, 431 F.3d 917, 937-39 (6th Cir. 2005) (providing examples of predatory pricing involving prices above incremental costs and below total costs) (internal citations omitted).

Finally, Defendants object to the existence of the  "bundle to bundle" defense only where products "overlap[] substantially" and to the Panel's recommended "economic tying" standard. Defs.' Mot. [405], at 11, 13.  The Court adopts the Panel's recommendation and reasoning as to both issues.  *See* R&R, at 9-11.

Accordingly,

The Report and Recommendation and Proposed Order is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**SO ORDERED**.


DATED:   June 15, 2011                          S/ARTHUR  J. TARNOW
                                                ARTHUR J. TARNOW
                                                United States Senior District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2011, by electronic and/or ordinary mail.


                                                s/Shawntel R. Jackson

                                                Case Manager