UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,

       Plaintiff,

                                  Case No. 2:06-cv-10240

v.

                                  Hon. Arthur J. Tarnow

NEWS AMERICA INCORPORATED,
a/k/a NEWS AMERICA MARKETING
GROUP, NEWS AMERICA
MARKETING FSI, INC. a/k/a NEWS
AMERICA MARKETING FSI, LLC and
NEWS AMERICA MARKETING IN-
STORE SERVICES, INC. a/k/a NEWS
AMERICA MARKETING IN-STORE
SERVICES, LLC,

       Defendants.

**PLAINTIFF'S MOTION
FOR EXPEDITED
DISCOVERY IN
ACCORDANCE WITH
THIS COURT'S JUNE 15,
2011 ORDER**

| | |
|---|---|
| A. Michael Palizzi (P47262)<br>Thomas W. Cranmer (P25252)<br>Larry J. Saylor (P28165)<br>Kimberly L. Scott (P69706)<br>MILLER CANFIELD PADDOCK<br>   and STONE, P.L.C.<br>150 W. Jefferson, Suite 2500<br>Detroit, MI  48226<br>(313) 496-8454<br>palizzi@millercanfield.com<br>cranmer@millercanfield.com<br>saylor@millercanfield.com<br>scott@millercanfield.com | David Mendelson (P53572)<br>THE MENDELSON LAW<br>   FIRM, PC<br>355 S. Old Woodward Ave.,<br>Ste. 100<br>Birmingham, MI 48009<br>(248) 646-8277<br>dm@mendelsonlaw.net |

*Attorneys for Plaintiff Valassis Communications, Inc.*

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY IN ACCORDANCE WITH THIS COURT'S JUNE 15, 2011 ORDER**

Plaintiff Valassis Communications, Inc. ("Valassis") seeks relief under this Court's Order dated June 15, 2011, Dkt. 412 (the "Order," attached as **Exhibit 1**), which prohibits bundling and tying by Defendants (collectively referred to as "News America"). Specifically, Valassis requests expedited discovery regarding certain of News America's business practices. Upon completion of that discovery, Valassis may seek an order referring this matter to the special masters (also called the "antitrust panel" or "panel") previously appointed by this Court, and directing the antitrust panel to conduct a fact-specific analysis of News America's business practices to determine if the business practices constitute unlawful bundling and tying.

In support of this Motion, Valassis states as follows:

1.      In 2006, Valassis initiated lawsuits against News America to address certain illegal, unfair, and anticompetitive schemes utilized by News America to eliminate Valassis from the free-standing insert ("FSI") market. *See Valassis Communications, Inc. v. News America, Inc.*, United States District Court for the Eastern District of Michigan, Case No. 2:06-cv-10240 (the "Eastern District of Michigan action"); *Valassis Communications, Inc. v. News America, Inc.*, Wayne County Circuit Court, State of Michigan, Case No. 07-706645 (the "Wayne

County action"); *Valassis Communications, Inc. v. News America, Inc.*, Los Angeles County Superior Court, State of California, Case No. BC 367743.

2.      On July 23, 2009, a Michigan jury in the Wayne County action unanimously found that News America had engaged in unfair competition and tortiously interfered with Valassis when News America leveraged its in-store promotions ("ISP") dominance to coerce manufacturers of consumer packaged goods ("CPGs") to purchase FSIs from News America rather than Valassis. The jury awarded Valassis $300 million in damages.

3.      Before trial commenced in the Eastern District of Michigan action challenging News America's conduct under federal antitrust laws, News America agreed to settle all three pending actions. News paid Valassis $500 million and entered into a ten-year shared mail distribution agreement with Valassis to settle all claims.

4.      On February 4, 2010, the parties agreed that a three-member antitrust panel would be appointed to help the court assess the parties' future business practices related to bundling and tying under the federal antitrust laws. *See* Agreement Regarding Antitrust Panel and Assessment of Certain Future Business Practices (attached as **Exhibit 2**).

5.      On March 9, 2010, this Court appointed the three-member antitrust panel as special masters pursuant to Fed. R. Civ. P. 53 to assist the Court in

3

evaluating practices relating to bundling and tying under the federal antitrust laws. *See Valassis Communications, Inc. v. News America, Inc.*, Case No. 2:06-cv-10240, Order dated March 9, 2010, Dkt. 396 (attached as **Exhibit 3**).

6.     On June 15, 2011, this Court entered an order prohibiting the parties from engaging in unlawful bundling and tying of any products within the meaning of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act.  *See* **Exhibit 1** at § II, ¶¶ 1-4.

7.     The Order established the applicable legal standards for determining if a party had engaged in unlawful bundling or tying.  *See id*.

8.     The Order only applies to unlawful bundling and tying and not to other violations of the Sherman Act, the Clayton Act, or state statutes, or to claims of tortious interference and unfair competition.  *See id.*

9.     Paragraph 3 of the Order provides that "[i]f either party believes that the other party has violated any provision of this Order, it may, but is not required to, seek relief from the District Court by way of Motion for further injunctive relief, contempt, or otherwise."  *Id.* at § I, ¶ 3.

10.     The Order further provides that "[s]uch party shall have rights to expedited discovery under the Federal Rules of Civil Procedure . . . as may be allowed by the Court."  *Id.*

11.    In any proceedings under the Order, "the Court may award any appropriate remedies pursuant to law, including where appropriate an award of treble damages and/or attorney fees." *Id.*

12.    Paragraph 6 of the Order provides that "[t]he antitrust panel may, at the Court's sole discretion, also advise the Court regarding ongoing disputes under this Order, and the Court may appoint the members of the panel as Special Masters, as appropriate, to assist in resolving such disputes." *Id.* at § I, ¶ 6.

13.    The Order further provides that "[i]f the Court refers a motion under paragraph 3 of this Order to the panel as provided in paragraph 6 of this Order, the panel will conduct a fact-specific analysis of the conduct of the party alleged to have violated the terms of this Order, and shall apply the same legal standards to the conduct of both parties." *Id.* at § I, ¶ 4.

14.    Since entry of the Order, Valassis has obtained information that News America has engaged in unlawful bundling and tying under the federal antitrust laws.

15.    Valassis has initiated another lawsuit against News America, which includes allegations that are not covered by the Order, as well as allegations relating to bundling and tying.  In that lawsuit, Valassis alleges, among other things, that defendants are using certain illegal, unfair, and anticompetitive business practices to maintain their illegally gained dominance in the FSI market,

to prevent Valassis from gaining a foothold in the ISP market, and to eliminate Valassis from the ISP market.  *See Valassis Communications, Inc. v. News Corporation*, Case No. 13-cv-14654 (filed November 8, 2013).

16.   Valassis alleges that: News America has engaged in unlawful "bundling" of its FSI and ISP products in violation of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act.  *Id.*, Complaint, Dkt. 1 at ¶¶ 404-423 (Count VII) (attached as **Exhibit 4**).  After allocating all discounts and rebates attributable to the entire bundle to FSIs, the competitive product, News has sold FSIs below its incremental cost, as defined in the Order, and the probable effect of the bundled discount is to substantially lessen competition in the market for FSIs.  *Id.* at ¶¶ 407-408, 414.  Such conduct is contrary to federal antitrust laws and violates the Order.

17.   Valassis also alleges News America's business practices unlawfully tie the purchase of in-store advertising and promotions (the tying product) to the purchase of free-standing inserts (the tied product), in violation of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act.  *Id.* at ¶¶ 424-442 (Count VIII).  News America prices FSIs, when purchased separately from ISPs, such that CPGs have no economically practical option other than to purchase FSIs from News America. *Id.* at ¶ 429.  Further, News America has sufficient economic power in the market for ISPs to restrain competition in the FSI market appreciably,

and the arrangement affects a substantial volume of commerce in the FSI market such that the foreclosure caused thereby produces anticompetitive effects in the FSI market, and/or the arrangement presents a substantial threat that News America will acquire market power in the FSI market. *Id.* at ¶¶ 431-433. Such conduct is contrary to federal antitrust laws and violates the Order.

18. News America's bundling and tying are precisely the types of conduct encompassed by the Panel Agreement, which the parties agreed would be resolved in accordance with the procedures and applicable standards set forth in the Order.

19. In accordance with paragraph 3 of the Order, Valassis submits this Motion seeking relief from the Court.

20. Valassis respectfully requests that this Court expedite discovery relating to News America's bundling and tying arrangements in accordance with Paragraph 3 of the Order. Specifically, Valassis requests expedited discovery on the following:

> (a) News America's negotiations with CPGs for the purchase of FSIs that took place on or after February 4, 2010;
>
> (b) News America's negotiations with CPGs for the purchase of ISPs that took place on or after February 4, 2010;

(c)    News America's contracts with CPGs for FSIs entered into or amended on or after February 4, 2010, and invoices pursuant thereto;

(d)    News America's contracts with CPGs for ISPs entered into or amended on or after February 4, 2010, and invoices pursuant thereto;

(e)    News America's incremental costs for FSIs as defined in the Order from February 4, 2010 to the present;

(f)    News America's market power in the ISP market; and

(g)    News America's contracts with retailers for the placement of ISPs within the retailers' stores that were in effect from February 4, 2010 to the present, and invoices pursuant thereto.

21.    Upon completion of this discovery, Valassis may request this Court to refer News America's business practices to the antitrust panel in accordance with paragraphs 4 and 6 of the Order to establish a procedure for evaluating the business practices and whether they constitute unlawful bundling and tying arrangements.

Pursuant to E.D. Mich. LR 7.1(a), on November 8, 2013, counsel for Valassis contacted News America's current counsel and explained the nature and legal bases for the present motion.  Valassis' counsel sought but did not obtain concurrence in the relief requested in the present motion.

8

WHEREFORE, pursuant to the Order and for the foregoing reasons, Valassis respectfully requests that this Court grant its motion and enter an order to expedite discovery limited to the topics set forth in paragraph 20 above.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, PLC

By: s/ A. Michael Palizzi
    A. Michael Palizzi (P47262)
    Thomas W. Cranmer (P25252)
    Larry J. Saylor (P28165)
    Kimberly L. Scott (P69706)
    150 W. Jefferson, Suite 2500
    Detroit, MI  48226
    (313) 963-6420


THE MENDELSON LAW FIRM, PC
    David S. Mendelson (P53572)
    355 S. Old Woodward Avenue, Ste. 100
    Birmingham, MI 48009
    (248) 646-8277

    *Attorneys for Plaintiff*
    *Valassis Communications, Inc.*

Dated: November 8, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,

      Plaintiff,

                                    Case No. 2:06-cv-10240

v.

                                      Hon. Arthur J. Tarnow

NEWS AMERICA INCORPORATED,
a/k/a NEWS AMERICA MARKETING
GROUP, NEWS AMERICA
MARKETING FSI, INC. a/k/a NEWS
AMERICA MARKETING FSI, LLC and
NEWS AMERICA MARKETING IN-
STORE SERVICES, INC. a/k/a NEWS
AMERICA MARKETING IN-STORE
SERVICES, LLC,

      Defendants.

                                    **BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION
FOR EXPEDITED
DISCOVERY IN
ACCORDANCE WITH
THIS COURT'S JUNE 15,
2011 ORDER**

---

A. Michael Palizzi (P47262)
Thomas W. Cranmer (P25252)
Larry J. Saylor (P28165)
Kimberly L. Scott (P69706)         David Mendelson (P53572)
MILLER CANFIELD PADDOCK      THE MENDELSON LAW
   and STONE, P.L.C.               FIRM, PC
150 W. Jefferson, Suite 2500      355 S. Old Woodward Ave.,
Detroit, MI  48226             Ste. 100
(313) 496-8454               Birmingham, MI 48009
palizzi@millercanfield.com       (248) 646-8277
cranmer@millercanfield.com      dm@mendelsonlaw.net
saylor@millercanfield.com
scott@millercanfield.com

---

*Attorneys for Plaintiff Valassis Communications, Inc.*

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.    Should this Court order limited expedited discovery of Defendants' business

practices in accordance with the Order dated June 15, 2011, Dkt. 412

("Order")?

   **Valassis answers yes.**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Order, *Valassis Communications v. News America, Inc.*, Case No. 2:06-cv-10240, Dkt. 412 (Exhibit 1)

Agreement Regarding Antitrust Panel and Assessment of Certain Future Business Practices (Exhibit 2)

Order, *Valassis Communications v. News America, Inc.*, Case No. 2:06-cv-10240, Dkt. 396 (Exhibit 3)

Complaint, *Valassis Communications v. News Corporation*, Case No. 13-cv-14654, Dkt. 1 (Exhibit 4)

Fed. R. Civ. P. 53

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY IN ACCORDANCE WITH THIS COURT'S JUNE 15, 2011 ORDER

This Motion is based on this Court's Order dated June 15, 2011, Dkt. 412 (the "Order," attached as **Exhibit 1**); the Agreement Regarding Antitrust Panel and Assessment of Certain Future Business Practices (attached as **Exhibit 2**); and this Court's Order dated March 9, 2010, Dkt. 396 (attached as **Exhibit 3**) appointing a three-member expert antitrust panel as special masters pursuant to Fed. R. Civ. P. 53 (Dkt. 396).

Despite News America's[1] settlement of the prior lawsuits and this Court's entry of the Order, which explicitly prohibits bundling and tying, News America has continued to engage in unethical, unfair, and anticompetitive practices, including unlawful bundling and tying in direct violation of the Order.[2]  Valassis alleges that News America has engaged in unlawful "bundling" of its in-store promotions ("ISP") and free-standing inserts ("FSI") in violation of Sections 1 and

---

[1] "News America" refers to Defendants News America Marketing, a/k/a/ News America Incorporated and a/k/a News America Marketing Group; News America Marketing FSI, LLC, a/k/a News America Marketing FSI, Inc.; and News America Marketing In-Store Services, LLC, a/k/a News America Marketing In-Store Services, Inc.  The term, as used in this brief, excludes News Corporation, which is a named defendant in the suit filed in 2013 but not the suits filed in 2006 and 2007.

[2] Valassis filed a Complaint filed on November 8, 2013 in *Valassis Communications, Inc. v. News Corporation*, Case No. 13-cv-14654 (Dkt. 1) (attached as **Exhibit 4**).  That action includes allegations that are not covered by the Order and are not part of this Motion.

2 of the Sherman Act and Section 3 of the Clayton Act.  Complaint, No. 13-cv-14654 (Dkt. 1) at ¶¶ 404-423 (Count VII) (attached as **Exhibit 4**).  After allocating all discounts and rebates attributable to the entire bundle to FSIs, the competitive product, News has sold FSIs below its incremental cost, as defined in the Order, and the probable effect of the bundled discount is to substantially lessen competition in the market for FSIs.  *Id*. at ¶¶ 407-408, 414.  Such conduct is contrary to federal antitrust laws and violates the Order.

Valassis further alleges that News America has effectively tied the purchase of ISPs (the tying product) to the purchase of FSIs (the tied product), in violation of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act.  *Id.* at ¶¶ 424-442 (Count VIII).  News America prices FSIs such that, when purchased separately from ISPs, CPGs have no economically practical option other than to purchase FSIs from News America.  *Id.* at ¶¶ 429.  News America has sufficient economic power in the market for ISPs to restrain competition in the FSI market appreciably, and the arrangement affects a substantial volume of commerce in the FSI market such that the foreclosure caused thereby produces anticompetitive effects in the FSI market, and/or the arrangement presents a substantial threat that News America will acquire market power in the FSI market.  *Id.* at ¶¶ 431-433.  Such conduct is contrary to federal antitrust laws as well as the terms of the Order.

News America's bundling and tying maintains its ill-gotten dominance in the FSI market by using its monopoly in the ISP market to make it economically unviable for certain consumer packaged goods manufacturers ("CPGs") to give their FSI business to Valassis.  *See id.* at ¶¶ 236, 412-13, 429.  News America's tactics include threatening to raise the price that certain CPGs must pay for News America's ISP products if the CPGs purchase FSIs from Valassis rather than News America.  *Id.* at ¶¶ 239-246.  News America has implemented these price increases in a variety of ways.  For some CPGs, News America has raised prices by "revoking" ISP "discounts," rebates, bonuses, or free ISP products that News America had previously provided to the CPG.  *Id.* at ¶ 241.  For other CPGs, News America has raised prices by imposing higher ISP prices as a penalty for the CPG's purchasing FSIs from Valassis rather than News America.  *Id.* at ¶ 242.  News America has told other CPGs that the price differential between the in-store promotions price with an FSI contract as compared to the in-store promotions price without an FSI contract represents a "volume" discount when, in reality, no such volume discount exists.  *Id.* at ¶ 243.  Such conduct is contrary to federal antitrust laws as well as the terms of the Order.

Statements by certain CPGs clearly indicate that News America is illegally bundling and tying FSIs and ISPs.  For example, one CPG reported to Valassis that News America gave the CPG a proposal for both FSIs and ISPs and that the CPG's

ISP rates would increase substantially if the CPG gave Valassis its FSI business. *Id.* at ¶¶ 249-250. The CPG also told Valassis that even if Valassis were to lower its FSI price, it still would not make economic sense to award Valassis the FSI contract due to the manner in which News America's proposal was structured. *Id.* at ¶ 251. An agent for another CPG reported that, since the CPG was planning to execute both in-store and FSI campaigns this year, the in-store savings with News America outweighed the savings from using Valassis for the FSI even though Valassis had a lower FSI price. *Id.* at ¶ 256.

There are other examples supporting the conclusion that News America has continued to unlawfully bundle and tie FSIs and ISPs. One CPG advised that News America threatened to increase ISP prices by 20% if the CPG no longer ran FSIs with News America. *Id.* at ¶ 253. Yet another CPG said Valassis' FSI rate was lower than or competitive with News America's FSI rate, but it was "not in the ball park" when compared to News America's overall pricing (or, as the CPG put it, "the total value based on everything we would buy from News [America]," which included ISPs). *Id.* at ¶ 260.

Other examples of News America bundling and tying FSIs and ISPs include:

    (1)    A CPG told Valassis that, even though Valassis had a lower FSI price, News America offered more "value added" because

News America gave the CPG two free ISP programs. *Id.* at ¶ 254.

(2)     News America told a different CPG that it would receive reduced pricing on ISPs if the CPG gave News at least 75% of its FSI business. *Id.* at ¶ 252.

(3)     A CPG reported receiving "rebates" on ISPs from News America when the CPG gave News America its FSI business. *Id.* at ¶ 257.

(4)     A different CPG told Valassis that it is not competitive nor could Valassis be competitive because of News America's subsidized bundled pricing. *Id.* at ¶ 258.

(5)     Another CPG said that it would buy FSIs from Valassis, but the CPG worried about the in-store "penalty" it would be charged by News America. *Id.* at ¶ 259.

(6)     One CPG told Valassis that it wins the battle for consultation, analytics and its service model approach, but Valassis lost on price because News America offered a "bundled" deal that included News America's ISPs. *Id.* at ¶ 261.

Valassis cannot compete with News America's bundling and tying arrangements.  Valassis is unable to offer CPGs a competitive or economically

5

equivalent bundle of FSIs and ISPs because Valassis' retailer network is much smaller than News America's network of retailers.   Unlike News America, Valassis does not possess a critical mass or network of retailers at which Valassis can place ISPs.   *Id.* at ¶¶ 93-102, 305, 409-412.   The volume of products sold through retailers (called the "all commodity volume" or "ACV") indicates that News America has market power.   News America's share of the ACV of grocery, drug, and dollar stores is approximately 83%, 84%, and 61.2% respectively.   *Id.* at ¶ 98.   As of November 8, 2013, News had approximately 52,500 retailers in its network.   *Id.* at ¶ 204.

Because Valassis' retailer network is much smaller than News America's network of retailers, CPGs do not view Valassis' retailer network as a reasonable substitute for News America's network.   *Id.* at ¶¶ 102, 411-412.   As a result, CPGs do not view Valassis' ISPs as a reasonable substitute or comparable product to News America's ISPs.   *Id.* at ¶¶ 305, 409-412.   Nor does Valassis offer any product or combination of products that overlaps substantially with News America's bundling of FSIs and ISPs.   *Id*. at ¶ 413.

## CONCLUSION AND RELIEF

For the reasons stated in its motion and pursuant to the order regarding future business practices (**Exhibit 1**), Valassis respectfully requests that this Court grant its motion and enter an order to expedite discovery limited to the topics set

forth in Valassis' motion at paragraph 20.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, PLC

By: s/ A. Michael Palizzi
      A. Michael Palizzi (P47262)
      Thomas W. Cranmer (P25252)
      Larry J. Saylor (P28165)
      Kimberly L. Scott (P69706)
      150 W. Jefferson, Suite 2500
      Detroit, MI  48226
      (313) 963-6420

THE MENDELSON LAW FIRM, PC
      David S. Mendelson (P53572)
      355 S. Old Woodward Avenue, Ste. 100
      Birmingham, MI 48009
      (248) 646-8277

      *Attorneys for Plaintiff*
      *Valassis Communications, Inc.*

Dated: November 8, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

MILLER, CANFIELD, PADDOCK & STONE, PLC

By: <u>s/ A. Michael Palizzi</u>
    A. Michael Palizzi (P47262)
    150 W. Jefferson, Suite 2500
    Detroit, MI  48226
    (313) 963-6420