UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VALASSIS COMMUNICATIONS, INC.,


Plaintiff.


v.                              Case No. 06-10240
                                Hon. Arthur J. Tarnow


NEWS AMERICA INCORPORATED,
a/k/a NEWS AMERICA MARKETING GROUP,
NEWS AMERICA MARKETING FSI, INC.,
a/k/a NEWS AMERICA MARKETING FSI, LLC
and NEWS AMERICA MARKETING IN-STORE
SERVICES, INC., a/k/a NEWS AMERICA
MARKETING IN-STORE SERVICES, LLC.,


Defendants.

_____/

PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY HEARING

BEFORE MAGISTRATE-JUDGE PAUL J. KOMIVES
233 US Courthouse & Federal Building
635 Lafayette Boulevard West
Detroit, Michigan
Monday, February 4, 2014


APPEARANCES:

FOR THE PLAINTIFF:  THOMAS W. CRANMER
                    A. MICHAEL PALIZZI
                    Miller Canfield
                    150 W. Jefferson
                    Detroit, MI 48226


FOR THE PLAINTIFF:  KIMBERLY L. SCOTT
                    Miller Canfield
                    101 N. Main Street
                    Ann Arbor, MI 48104


Valassis v News America 06-10240

APPEARANCES  (continuing):


FOR THE PLAINTIFF:   DAVID MENDELSON
                     The Mendelson Law Firm, PC
                     355 S. Old Woodward Avenue
                     Birmingham, MI 48009



FOR THE DEFENDANT:   KENNETH GALLO
                     KRISTIN OLSON
                     Paul, Weiss, Rifkind,
                     Wharton & Garrison, LLP
                     201 K Street, NW
                     Washington, D.C. 20006-1047



FOR THE DEFENDANT:   DAVID F. DUMOUCHEL
                     Butzel Long
                     150 W. Jefferson Avenue
                     Detroit, MI 48226


ALSO APPEARING:      JEANINE GAVENCHEK
                     Deputy General Counsel
                     News Corporation.



COURT RECORDER:  KAYMYRA DOAKS


TRANSCRIBED BY:
Carol S. Sapala, RMR, FCRR
313.961.7552
www.transcriptorders.com


                Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

C O N T E N T S

---

IDENTIFICATION                                    PAGE

WITNESSES

None.

Plaintiff's Motion For Expedited Discovery
in Accordance with this Court's
June 15, 2011 Order

Argument by Mr. Cranmner                          4
Response by Mr. Gallo                             16
Rebuttal Argument by Mr. Cranmer                  32

The Court's Ruling                               36


Certificate of Court Reporter                    38

E X H I B I T S

---

IDENTIFICATION                              RECEIVED




None   Marked

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1       Detroit, Michigan

2       Monday, February 3, 2014

3       10:04 a.m.

4       (The transcriber was not

5       present at this hearing)

6       THE CLERK:  Court calls case number 06-10240,

7   Valassis Communications, Incorporated versus News

8   America.

9       THE COURT:  This is the time and date set for

10  the hearing on a motion to expedite discovery.

11      I will ask counsel for the moving party to come

12  forward to the lectern and if you would place your

13  appearance on the record.

14      MR. CRANMER:  Your Honor, thank you very much.

15  Tom Cranmer along with Michael Palizzi, David Mendelson

16  and Kimberly Scott, appearing on behalf of the moving

17  party Valassis Communications.

18      THE COURT:  Okay.  I have read the motion

19  papers. I'll hear your presentation, of course, then

20  I'll hear opponent's presentation.

21      Since you're the moving party, I will give you a

22  chance for rebuttal.  If you will precede.

23      MR. CRANMER:  Your Honor, thank you so much.

24      Your Honor, this is an important motion but,

25  ultimately, a very simple motion.

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1      With all due respect to News America, this is not a

2   motion for, for a dispositive motion and it certainly

3   isn't a motion to dismiss a new complaint.

4      This is simply a request to reopen a case under an

5   agreed upon order.  I want to stress that an agreed upon

6   order that expressly contemplated the reopening of the

7   case that if either party believed, again I will

8   emphasize that, that the other party had violated the

9   order.

10      All we want to do is conduct discovery as

11   contemplated by this agreed upon order.

12      Now after five years of litigation and millions of

13   dollars in attorney fees, a Michigan jury, a number of

14   years ago, unanimously concluded that News America had

15   unfairly completed with Valassis, ultimately returned a

16   verdict of $300 million in favor of Valassis; indeed, a

17   unanimous verdict.

18      As part of the ultimate settlement of all of the

19   three cases that were pending at the time, the parties

20   entered into a settlement agreement that had a specific

21   order that I'm going to reference in just a moment.

22      And that order was one that was subject to a

23   significant amount of negotiation, it had input from

24   antitrust &panel the parties agreed to appoint, it also

25   had input from Judge Tarnow; and that's what really

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1   brings us to the court here today.

2       Let me take a step back, talk just a little bit

3   about of the history of what brings is here today.

4       Your Honor, initially, there were essentially three

5   cases that were brought against News America or cases

6   that were ultimately broken down into three different

7   components.

8       There was a case that was brought in the Los

9   Angeles Superior County Court, a case here in Wayne

10  County Circuit Court, also a federal court case as well.

11  The first case that went to trial actually was the Wayne

12  County Circuit Court case.

13      As I mentioned to the Court, that case ultimately

14  resulted in a unanimous verdict in favor of my client,

15  Valassis Communication.  Among other things, it related

16  to an antitrust violation concerning the concept of

17  bundling and tying.

18      Now after the first verdict was entered, then the

19  next case that at least came up for trial was the case

20  before Judge Tarnow.

21      And prior to that case actually being tried, but

22  after a motion for summary judgment was heard by Judge

23  Tarnow and essentially denied the defenses raised by

24  News America, a settlement was reached among the

25  parties; that is, News America and Valassis

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1   Communications, that encompassed basically all three

2   cases; the case in Los Angeles County, Wayne County

3   Circuit Court case and the federal court case before

4   Judge Tarnow.

5       The economics of that settlement essentially were

6   that Valassis Communications was to receive a settlement

7   amount of $500 million.

8       But there was more to the settlement then just the

9   money that was to be paid.  There was also as part of

10  the settlement agreement, an agreement that the parties

11  entered into called the agreement regarding antitrust

12  panel and assessment of certain future business

13  practices.

14      The reason that that agreement was entered into,

15  Your Honor, is that the parties wanted to have a

16  mechanism, a way to address any future bundling and

17  tying claims that might arise between the parties and

18  essentially be an outgrowth of the lawsuit that had been

19  filed before Judge Tarnow.

20      So the party's agreed that a three-member antitrust

21  panel would be appointed to help the Court establish the

22  legal standards to be used to determine if either party

23  was illegally bundling or tying under the federal

24  antitrust laws and they also agreed on a mechanism for

25  appointing the panel.

                    Plaintiff's Motion For Expedited Discovery
                                    2-3-2014

1        Then perhaps most importantly and key to today's

2   motion is that the party's agreed on the mechanism for

3   reopening the case, the case that had been settled and

4   they were very specific negotiated language that it

5   used; and that specificity is found in paragraph three

6   of the order that was ultimately entered by Judge

7   Tarnow.

8        And that order and in particular paragraph three

9   says in pertinent part the following:

10             If either party believes -- and that's the

11             key.

12             If either party believes that the other

13             party has violated any provision of this

14             Order, it may, but is not required to, seek

15             relief from the District Court by way of a

16             motion for further injunctive relief,

17             contempt, or otherwise.

18             That language is important, too, or

19             otherwise.

20             Such party shall have rights to expedited

21             discovery under the Federal Rules of Civil

22             Procedure to the extent recommended by the

23             panel described below or as may be allowed

24             by the Court.

25        Of course, the court order goes on from there, but

                    Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    that's the essence of the order.  That's the essence of

2    what brings us to court today.

3         Following the settlement, the parties submitted

4    numerous briefs to the antitrust panel advocating the

5    appropriate legal standard that should be applied in the

6    event of an allegation of continued bundling and tying.

7         Ultimately, that panel issued its recommendation, a

8    report and recommendation, much like this Court does,

9    and Judge Tarnow adopted the panel's report and

10   recommendation and entered the order that I just

11   referenced on June 15, 2011.

12        The parties were very careful in terms of

13   negotiating the specific language used in the order.

14        And although there was a dispute over the standard

15   that was to ultimately be determined with regard to

16   whether or not any bundling -- future bundling or tying

17   occurred was illegal, there was no dispute over what was

18   required to reopen the case to seek discovery.  There

19   was agreement on that particular issue.

20        As I've indicated in our moving papers, Valassis

21   believes that News America has, once again,

22   post-settlement, engaged in illegal bundling and tying.

23        And I think we have more than sufficiently set

24   forth what we believe that bundling and tying to be.

25

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    But to be specific, we've alleged this bundling and

2  tying includes News America continuing to leverage its

3  monopoly in the ISP market or CPGs in the purchasing its

4  FSIs.

5    And just to be clear, ISP stands for in-store

6  promotion, a form of coupon, if you will.

7    CPG stands for consumer product goods and FSIs are

8  freed-standing inserts.

9    We've also alleged they've continued to penalize

10 CPG with higher ISP prices if they don't give News

11 America their FSI business.

12   We've alleged the CPGs have no economically

13 practical option other than to participate in News

14 America's illegal tying arrangement.

15   We've alleged that News America's conduct has

16 harmed competition in the FSI market and that News

17 America FSI rates after allocating all discounts and

18 rebates attributable to the entire bundle SSI's are

19 below News America's incremental costs.

20   Now in addition to those allegations, Your Honor,

21 we have set forth some very specific allegations which

22 we believe and facts that support those allegations of

23 illegal bundling and tying.

24   I'm not going to go through those in their

25 entirety, but I know the Court has read our brief and

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1  they are set forth with a great deal of specificity

2  pages three, four and five of our underlying motion.

3       Again, there are some 10 or 12 different instances

4  and evidence of, of facts which we believe support the

5  illegal bundling and tying conduct.

6       This is actually more than the order actually

7  requires.  Because, again, going back to the specific

8  language of the order, it merely says:

9            If either party believes that the other

10           party has violated any provision of this

11           order, it may take certain remedial action.

12      We believe that and we have evidence that supports

13 that and we've set that forth in our motion.

14      Of course, we believe that this conduct took place

15 post settlement; that is, after the order which I

16 referenced entered by Judge Tarnow.

17      What does News America say in opposition to this

18 motion?  They say a number of things.

19      They say that we need to actually bring a motion

20 establishing a violation of the order in order to

21 proceed.

22      Well, that's not what the language says at all.

23 Really, that's counter-intuitive.  If that were the

24 case, then there would be no point or no reason for any

25 type of expedited discovery.

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    They also say that we somehow needed to file a

2  motion for injunctive relief or contempt and establish

3  things like likelihood of success on the merits and that

4  Valassis will suffer irreparable injury without a

5  preliminary injunction.

6    That may be true if that were the relief we were

7  seeking, but that's not the relief we're seeking.

8    What we're really attempting to do is to verify and

9  help support the information that we already have

10  regarding their improper and illegal conduct.

11    We're taking the conservative approach, a careful

12  and cautious approach seeking additional discovery to

13  verify those 10 or 12 circumstances which are set forth

14  in our motion which is entirely appropriate and entirely

15  contemplated by paragraph three.

16    And I want to point out, too, Your Honor, that

17  particularly at this stage we're seek a limited amount

18  of discovery.

19    We're not talking about taking 25 depositions.

20  We're talking about sending to News America a request

21  for production of documents that are limited, specific

22  and focused.  They include things like News America's

23  negotiation with CPGs for the purchase of FSIs and ISPs

24  that took place post February 4, 2010.

25

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    News America's contract with CPGs or FSIs and ISPs

2  that entered into or amended after that

3  February 4, 2010 date.

4    News America's incremental costs for the FSIs

5  defined in the order.

6    News America's market power in the ISP market and

7  News America's contracts with retailers or the

8  placements of ISPs within the retailer stores that were

9  in affect from February 4, 2010 to the present and

10 invoices that relate to those.

11    So despite -- and I say this respectfully, despite

12 what News America might suggest to you, it is focused,

13 it is targeted and it is specific with regard to the

14 allegations we've set forth in our motion.

15         THE COURT:  Fine.

16         MR. CRANMER:  That's what we're seeking, Your

17 Honor.  We're seeking it on an expedited basis as the

18 order contemplates.

19    And with the Court's permission, that's the relief

20 we're asking the Court to grant us today.

21         THE COURT:  Okay.  All right.  Before you go

22 back --

23         MR. CRANMER:  Yes, Your Honor?

24         THE COURT:  -- have you finished your

25 presentation, because I have a question.

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1            MR. CRANMER:  I can try to address the Court's

2    question.

3            THE COURT:  I have a question.

4            MR. CRANMER:  Yes?

5            THE COURT:  There is referred to in the motion

6    papers this other lawsuit --

7            MR. CRANMER:  Yes.

8            THE COURT:  -- that's been filed.

9            MR. CRANMER:  Correct.

10           THE COURT:  I guess if you would, my question

11   would be are you really trying to go down a parallel

12   path here?

13       You're actually seeking the same relief in this new

14   lawsuit as you're seeking in this proceeding?  And if

15   so, shouldn't you be trying to get discovery in that new

16   lawsuit, at least after that motion to dismiss is heard

17   and decided?

18           MR. CRANMER:  Well, Your Honor, it's a good

19   question.

20       There is a parallel lawsuit, as the Court knows,

21   but the other lawsuit is an expanded lawsuit.  It

22   alleges conduct that's much broader then what's set

23   forth in the order here as it relates to bundling and

24   tying.

25

Valassis v News America 06-10240

                    Plaintiff's Motion For Expedited Discovery
                                 2-3-2014

1        While, indeed there may be some overlap, with all

2   due respect, we're not limited to just doing discovery

3   in that case I'll call it post the Court's deciding the

4   motion to dismiss.

5        We're entitled respectfully to proceed under this

6   order, the agreed upon order that the parties had in

7   connection with settling the underlying case and that's

8   exactly what we're seeking to do.

9        As I indicated to the Court and hopefully I've

10  demonstrated this is what we're looking for is focused

11  and limited, not the far ranging discovery that is

12  probably going to occur in terms of the other parallel

13  case, assuming that we survive a motion to dismiss and,

14  indeed, we believe that we will.

15       So, again, I think we're entitled to this under

16  this order.  It is focused.  And while there may be some

17  overlap and we certainly in the second case wouldn't be

18  asking for the same information that's produced here,

19  we're entitled to this information under this order.

20            THE COURT:  Okay.  If that motion to dismiss

21  which has already been filed in that other case --

22            MR. CRANMER:  Yes.

23            THE COURT:  -- were to be heard and granted,

24  how would that affect you're being able to proceed with

25  this matter?

                    Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1      MR. CRANMER:  Respectfully, I don't think it

2  would affect it at all because the question is whether

3  or not we have met the standards that the party's agreed

4  to under paragraph three.

5      And, again, that's a separate case, although it has

6  some overlapping issues and alleged conduct.  But we're

7  focused now just on what's happened in this case, the

8  settlement agreement.

9      And, respectfully, I don't think it would prohibit

10 us or the Court from allowing us to proceed at all.

11      THE COURT:  Okay.

12      MR. CRANMER:  Thanks, Your Honor.

13      THE COURT:  That completes your presentation?

14      MR. CRANMER:  It does, Your Honor.

15      THE COURT:  You'll have right of rebuttal as I

16 mentioned earlier after I heard from your opponent.

17      So I will ask counsel for opposing counsel whose

18 opposing the motion, if would place your appearance on

19 the record counsel.

20      MR. GALLO:  Thank you, Your Honor.

21      My name is Ken Gallo.  I'm from the Paul Weiss

22 firm. I appreciate we've been -- I've been admitted *pro*

23 *hac vice* in this court, appreciate the opportunity to

24 appear here.

25

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    I'm with David DuMouchel, Kristin Olson of my firm

2   and Jeanie Gavenchek Deputy General Counsel at News

3   Corporation.

4    Thank you for the opportunity to be heard, Your

5   Honor.

6    We are here and we respectfully submit that this

7   motion should be denied.

8    As Mr. Cranmer pointed out, this case arises out of

9   a prior settlement agreement between the parties and a

10   prior order entered by Judge Tarnow about what should

11   happen in future -- in the future if somebody's believes

12   there's a violation of the prior court order.  And those

13   documents fundamentally did three things.

14    Number one, they released all claims prior to

15   February of 2010 for conduct prior to February of 2010.

16    Number two -- and Mr. Cranmer didn't address this,

17   they were referred all disputes about future conduct

18   under the Court's order exclusively to a special master

19   panel of three antitrust experts.

20    The settlement agreement that Valassis attached as

21   Exhibit 2 to their motion says the exclusive remedy is

22   to go to a panel of three arbitrators in the first

23   instance the panel of three antitrust experts if you

24   believe there's been a violation -- a continuing

25   violation.  That was not addressed by my opponent in his

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    remarks.

2         Number three, what these documents did is they set

3    forth a procedure by which somebody could come to this

4    Court and seek expedited discovery.  And that procedure

5    requires that the request for expedited discovery be

6    justified under the Federal Rules of Civil Procedure.

7         Respectfully, Your Honor, there are three reasons

8    that this motion should be denied.

9         Reason number one is that Valassis has not

10   established the right to expedited discovery under the

11   standard in the Federal Rules of Civil Procedure Rule

12   26(d) and that standard is you have to show could cause.

13        We set that forth in our brief, we cited the cases

14   from this district and other courts in the Sixth

15   Circuit, and Mr. Cranmer just made a presentation and

16   did not address the issue of a demonstration of good

17   cause.

18        Second, we respectfully submit a proper reading of

19   Judge Tarnow's order is that there must first be brought

20   an underlying motion which would frame the issues for

21   discovery.

22        It's an odd thing to suggest that there's discovery

23   without some framework as to what the discovery's

24   supposed to relate to.  What are the claims, what are

25   the issues, what are the defenses.

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    It's odd to say it gets framed up by someone's

2  belief which is not articulated anywhere.

3    And the third reason the motion should be dismissed

4  is, frankly, because Valassis has brought this case and

5  the related case that Your Honor talked about, that

6  other complaint in breach of the party's settlement

7  agreement.

8    The agreement said the exclusive remedy is to go to

9  an antitrust panel.  That settlement agreement says we

10  waive a jury trial.  But Valassis has sought a jury

11  trial and filed a separate complaint and that new action

12  does not substitute for showing good cause in this case.

13    While Your Honor just asked Mr. Cranmer at the end

14  of his presentation what happens if that action were to

15  be dismissed and he said it doesn't matter.

16    When you earlier in the presentation -- when he

17  earlier in his presentation said -- tried to establish

18  that they had made allegations that we breached the

19  agreement -- that we had breached the prior settlement

20  agreement and breached Judge Tarnow's order.  The only

21  thing he referred to was the other lawsuit.

22    So you can't have it both ways.  Respectfully, Your

23  Honor, they can't have it both ways.

24    They can't rely on that complaint to show that they

25  actually have made allegations of a breach, but then

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    when asked, well, what happens if that complaint goes

2    away, say that the complaint doesn't matter.  So now,

3    Your Honor, if I may go back to those points.

4         The first point, the main point of our opposition

5    brief was that in order to get discovery on an expedited

6    basis, the language of the order is they have rights to

7    expedited discovery under the Federal Rules of Civil

8    Procedure, that's what's in Judge Tarnow's June 11th

9    order in paragraph three which is attached as Exhibit 1

10   to Valassis' motion.

11        But the Federal Rules of Civil Procedure, the issue

12   of when expedited discovery is permitted is litigated

13   under Rule 26(d).  And the cases under 26(d) could not

14   be more clear arising out of this Court and other courts

15   in the Sixth Circuit.

16        There must be a showing of good cause.  And that's

17   the standard that's incorporated into Judge Tarnow's

18   order, the Federal Rule of Civil Procedure standard for

19   good cause.  And the cases give examples of good cause.

20        They say you get expedited discovery, for example,

21   when in support of an expedited preliminary injunction

22   motion.

23        Because you make a *prima facie* showing of

24   irreparable harm, we have to go outside the normal rules

25   for discovery and maybe you get expedited discovery.

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    Another example in the cases of good cause is where

2  there's reason to believe that the opponent is

3  destroying documents, so you go outside the normal

4  schedule and you get expedited discovery.

5    The burden is on Valassis to establish good cause.

6    There's not a word, not one word, in their motion

7  papers establishing good cause.

8    There is not one word by my opponent, respectfully

9  today, addressing the issue of good cause even though it

10 was the lead argument in our brief.  Valassis has not

11 carried that burden.

12    There's no allegation here that something's going

13 to happen, that they need -- that there's irreparable

14 harm.

15    There's no allegation that document destruction is

16 going on.

17    And, therefore, the standard set forth right in

18 paragraph three of Judge Tarnow's order that they must

19 establish the requirements of the Federal Rules of Civil

20 Procedure has not been met.

21    The response that we got in the reply brief from

22 Valassis was that Judge Tarnow's rules don't impose a

23 stay, the stay of Rule 26(d) when a new case is filed.

24 Respectfully, Your Honor, that misses the point.

25

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    We're not asking for a stay when a new case was

2    filed under Rule 26(d).

3        They're not asking for expedited discovery when a

4    new case was filed under Rule 26(d).  They're asking for

5    expedited discovery under the terms of an order that

6    expressly incorporate the standard of the Federal Rule

7    of Civil Procedure.  They haven't met that standard.

8        Valassis says in their reply brief, well, we've

9    established good cause because we filed this other case

10   and we've alleged an antitrust violation there.  But

11   alleging an antitrust violation isn't good cause for

12   expedited discovery.

13       People file antitrust cases every day and people --

14   you don't get expedited discovery just because you filed

15   an antitrust case, you have to show something in

16   addition to that.

17       And Valassis says maybe they should get expedited

18   discovery because, after all, we're in a related -- a

19   different case in New York City against different

20   plaintiffs and we have to produce the discovery there

21   anyway.

22       But that's not good cause for expedited discovery;

23   it has nothing to do with the question of whether

24   there's something special going on here like irreparable

25   harm, like destruction of documents that requires

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

 1   expedited discovery.  That's the first reason the motion

 2   should be denied.

 3        The second reason the motion should be denied and

 4   I'll admit that the language of the order on this point

 5   is not as crystal clear as it might be.

 6        But I think the better reading of the order -- we

 7   respectfully submit to the Court that the better reading

 8   of the order is that there does, in fact, have to be an

 9   underlying motion filed for some kind of relief,

10   injunctive relief or contempt or something that frames

11   up the issues and then if a party files such a motion,

12   that party can request expedited discovery under the

13   Federal Rules.

14        The language of the order says:

15            If a party believes the other party has

16            violated any provision of the order, it may,

17            but is not required to seek relief from the

18            district court by way of a motion for

19            further injunctive relief, contempt or

20            otherwise.

21        Now why is the language may there? I respectfully

22   submit to you, Your Honor, that the parties did not want

23   to use the language shall because then if there was a *de*

24   *mittimis* violation of the order and somebody did not

25   file a motion for injunctive relief or contempt, there

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1   could be an argument that they had waived their right to

2   seek relief.

3        In other words, if a party thinks there's a

4   violation, they don't have to bring it to the Court, but

5   they have permission to bring it to the Court by way of

6   a motion.  That's what that language was intended.

7        And that is clarified by the next sentence which

8   says:

9             Such party -- that is a party that has filed

10            a motion.

11            Such party shall have the right to expedited

12            discovery under the Federal Rules.

13       To take a step back, even if there wasn't a

14   requirement in Judge Tarnow's order of a motion being

15   filed, even if, we respectfully submit that there does

16   need to be an underlying motion filed.

17       Because under the Federal Rule of Civil Procedure

18   the way this Court or any Court determines what

19   discovery is appropriate is by looking at the

20   allegations, the claims and the defenses that are raised

21   by the papers or pleadings.

22       The idea that we're going to go straight to

23   discovery with no explanation of what the papers and

24   pleadings are that frame-up the issue, respectfully,

25   under the Federal Rules, Your Honor, doesn't make much

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1  sense.

2      That's why we believe our reading of the motion

3  language in, in paragraph three is the more logical and

4  appropriate reading.

5      And in this case Valassis has filed no motion, it

6  has not filed a motion seeking relief, it has made no

7  allegations of exactly what have we done post 2010, it

8  has submitted no evidence of a violation post 2010, it

9  has not made a good faith showing that there was

10 misconduct after the release.

11     And, respectfully, we think they haven't done it

12 because they can't consistent with Rule 11.

13     These are, you know, very distinguished lawyers on

14 the other side of this case and they know what their

15 obligations are under Rule 11.

16     If they could make specific allegations of

17 misconduct post 2010, they would make them and they

18 haven't made them because, Your Honor, respectfully,

19 they don't have the evidence.  And the answer to that is

20 not to just get discovery without first framing the

21 issues in an underlying motion.

22     The third reason the motion should be dismissed --

23 I mean denied, Your Honor, is that the Valassis motion

24 for expedited discovery brought before this Court is a

25 violation of the party's settlement agreement and a

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    violation of Judge Tarnow's enabling order.

2         The party's settlement agreement which is attached

3    as Exhibit 2 to Valassis' motion on its face says that:

4              Each of the plaintiff and defendants hereby

5              waive their right to trial by jury in

6              proceedings relating to such future business

7              practices.

8              The party's exclusive remedy in the event of

9              violations of allegedly unlawful bundling or

10             tying shall be determined by the expert

11             panel and ultimately by Judge Tarnow

12             consistent with the order he entered.

13             THE COURT:  Okay.

14             MR. GALLO:  His order in paragraph four then

15   implements that language and in the settlement

16   agreement.

17        The order is attached as Exhibit 1 to their papers

18   and it says:

19             Disputes over entry, terms and provisions of

20             this order have been referred to the Court

21             by the three-member panel of antitrust

22             experts.

23        So by filing a separate lawsuit in which they have

24   alleged that we've breached the settlement agreement and

25   the Judge Tarnow's prior order and which they seek a

Plaintiff's Motion For Expedited Discovery
2-3-2014

1  jury trial on the face of the complaint is a breach of

2  the settlement agreement.

3      The settlement agreement says that they've waived a

4  jury trial on that complaint by coming to Your Honor in

5  the first instance and Judge Tarnow in the first

6  instance and refusing a referral to the panel of

7  experts.

8      They've breached the settlement agreement which

9  says their exclusive remedy in the first instance is to

10  go to the antitrust panel.

11      So that's the third reason that this motion should

12  be denied.  It should in the first instance go to the

13  antitrust panel and then it goes up to Judge Tarnow as

14  appropriate.

15      Finally, Your Honor, the final points I'll make and

16  then I'll stop.  I appreciate the Court's patience with

17  the argument.  Let me make two final points.

18      The fact that they have filed a separate complaint

19  and that's the only thing that Valassis points to as

20  framing up the issues for this motion, framing up the

21  legal issues, cannot be sufficient to get expedited

22  discovery.

23      Number one, it's filed in a separate case.

24      Number two, Mr. Cranmer just told you it doesn't

25  really relate, it could even not exist and it wouldn't

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1   matter to this motion.

2        Third, it does not contain allegations of good

3   cause under the Federal Rules of Civil Procedure.  It

4   doesn't contain, for example, the kind of things the

5   case law requires for good cause; allegations of

6   destruction of documents, irreparable harm, contains

7   none of that.

8        Third, as I mentioned, it violates the party's

9   settlement agreement.

10        Fourth, it doesn't contain any specific factual

11   allegations setting forth a violation post 2010, post

12   release.  All it does is says in conclusory form that:

13            News America Marketing has continued

14            engaging in illegal bundling or continued

15            engaging in illegal tying.

16        There's one specific allegation about one

17   customer's post 2010 in the complaint and we addressed

18   that in a footnote in our opposition brief and explained

19   why it doesn't establish any illegal bundling because it

20   doesn't actually allege that we've bundled and sold

21   product below cost.

22        That motion -- that pleading, as the Court noted,

23   is also subject to a motion to dismiss.  And it's

24   subject to a motion to dismiss, in part, on the grounds

25   that it breaches the settlement agreement and that it

Plaintiff's Motion For Expedited Discovery
2-3-2014

1  shouldn't even be filed in the Court.

2      I would direct the Court's attention to the *Vision*

3  *Films* case which we cited in our papers which says:

4          Where there's a motion to dismiss pending

5          which raises jurisdictional questions, then

6          discovery under a good cause standard should

7          not go forward on an expedited basis.

8          That's what the *Vision films* Court says.

9      Your Honor, I would conclude by just emphasizing

10  the prejudice to my client caused by the approach that

11  Valassis is trying to take here and if they were to be

12  successful in convincing this Court the prejudice that

13  would accrue to News America Marketing.

14      Prejudice number one, Valassis gave up a jury

15  trial.  That was -- we entered into a bargained for hard

16  negotiation.

17      One of the provisions of that settlement agreement

18  attached as Exhibit 2 to their papers is they waive a

19  jury trial.  Valassis has breached that by seeking a

20  jury trial by filing a complaint in another case.

21      Valassis agreed that the exclusive remedy for an

22  antitrust -- for any future violation would go to the

23  antitrust panel.  That was part of the bargained for

24  exchange.  They've breached that.

25

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    They said expedited discovery would be limited to

2    the Federal Rules of Civil Procedure, they haven't

3    established good cause.  All of that was part and

4    parcel, it was the bargained for exchange of our prior

5    settlement agreement.

6        So we are really hurt.  The consideration we got as

7    part of that settlement agreement would be taken away if

8    this plan works.

9        And, last, the idea that they're asking for limited

10   discovery is just not true.  They're asking for full

11   blown antitrust case discovery on everything we've done

12   since February 2010.  They're asking for every contract

13   with every customer.  We have hundreds of customers.

14       They're asking for all the negotiations that relate

15   to documents that relate to negotiations with every

16   customer since 2010.

17       They're asking for documents about bundling and

18   tying with all customers since 2010.

19       They're asking for discovery on market power and

20   market definition since 2010.  That is a full-blown

21   antitrust case discovery.  That's not limited.

22       Sure, they're asking for even more in the other

23   complaint -- they're asking for even more in the other

24   complaint they filed.

25

Valassis v News America 06-10240

                    Plaintiff's Motion For Expedited Discovery
                                    2-3-2014

1       But they're asking for full-blown antitrust

2   discovery on every issue in an antitrust case as part of

3   this expedited discovery.

4       It is massive discovery, it's far from limited

5   discovery, it's not narrowly tailored.

6       So, respectfully, Your Honor, we submit that really

7   they haven't even gotten over the first threshold of

8   showing good cause which is the standard under the

9   Federal Rules of Civil Procedure and that's the standard

10  in Judge Tarnow's order.  They don't really even address

11  it here today.

12      Respectfully, we submit the motion should be

13  denied.

14      If they're any questions, Your Honor, of course I'd

15  be happy to entertain them, but I have completed my

16  presentation.

17          THE COURT:  No, I don't have any questions at

18  this point.  Thank you, counsel.

19      That's finishes your presentation?

20          MR. GALLO:  It does.  Thank you very much,

21  Your Honor.  Appreciate it.

22          THE COURT:  All right.  I said I would afford

23  counsel a chance for rebuttal.

24      Mr. Cranmer, this is your chance to advance your

25  argument on rebuttal.

                    Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1          MR. CRANMER:  Your Honor, thank you.

2      Your Honor, let me start perhaps where Mr. Gallo

3  left off.  And he talked about and repeatedly talked

4  about this notion of good cause as being a prerequisite

5  to proceeding ahead with this particular motion.

6      And, respectfully, you can look high and low in the

7  order that was entered in this case and you will not

8  find the words "good cause."  That's because that's not

9  what the party's agreed to nor did they negotiate those

10  words.

11      What the language says specifically, specifically,

12  is if either party believes that the other party has

13  violated any provision of this order, it may take

14  certain action.

15      We're talking about what the parties negotiated,

16  specific language.  They didn't negotiate if either

17  party has good cause, because that wasn't the mechanism

18  that they wanted to have.  That's not what they

19  negotiated.

20      Now Mr. Gallo --

21          THE COURT:  You mentioned the word "belief."

22          MR. CRANMER:  Right.

23          THE COURT:  Wouldn't there be some basis for

24  belief?

25

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1        MR. CRANMER:  Indeed, that's exactly what

2    we've set forth in our motion.  I want to talk about

3    that in a little bit more detail, too.

4        Let me look to address another of the arguments Mr.

5    Gallo raised in which he said that all of these types of

6    disputes, all of them, have to go directly to the panel

7    that the parties decided and agreed upon.  And, Your

8    Honor, that's simply -- with all due respect, it's not

9    true.  That is also belied by the order.

10       Because if you look at paragraph six of the order,

11   it says plainly and directly the following:

12           The antitrust panel may, at the Court's sole

13           discretion, also advise the Court regarding

14           ongoing disputes under this order.

15       That, to me, is discretionary.  That's Judge

16   Tarnow's call.  Doesn't say anything about all these

17   disputes are to be directed directly to the antitrust

18   panel.  It says just the opposite.

19       And, last, let me be clear about the difference

20   between the new case and this case.

21       Again, I must not have been very clear.  I

22   apologize to Mr. Gallo if I didn't set forth my argument

23   very carefully.

24       The other case references bundling and tying; the

25   new case that is, but it doesn't make those allegations

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1  as to that particular case.

2      The new case talks about attempted monopolization

3  of the ISP market, not bundling and tying.

4      And we talk about and Mr. Gallo does framing up the

5  issue, framing up the issue for expedited discovery.  We

6  did that in great detail in this motion, not in a

7  separate complaint, in this motion.  I'm happy to go

8  back through that but I'm not sure the Court wants me

9  to.

10      We set forth in detail what the allegations were of

11  bundling and tying in this motion.

12      And we also set forth 10 to 12 specific factual

13  instances of what we believe to be evidence of that

14  bundling and tying.

15      Now perhaps in -- I'm sorry?

16      THE COURT:  I'm sorry.  I was going to ask you

17  at some point what really are you seeking not in terms

18  of discovery but in terms of the end result or the goal

19  here?

20      Are you actually seeking at some point to have

21  something referred to this three-member antitrust panel?

22      MR. CRANMER:  We may.  But what we're doing,

23  Your Honor, is the prudent, careful thing; and that is,

24  what we're trying to do is to make sure before we bring

25  a motion for contempt, a motion for a preliminary

Plaintiff's Motion For Expedited Discovery
2-3-2014

 1  injunction or some other motion as the order

 2  contemplates or otherwise, that, indeed, we have fleshed

 3  out the discovery and that we have the facts in order to

 4  proceed ahead.

 5      It may turn out as a result of this discovery we

 6  choose not to bring a motion for contempt or a motion

 7  for injunctive relief, that's perfectly within our

 8  right.

 9      But essentially what you hear Mr. Gallo criticizing

10  us for is not bringing it now.  They should have brought

11  a motion for contempt now, they should have brought a

12  motion for preliminary injunction.

13      Well I think we could.  We certainly could bring a

14  motion for contempt based upon the facts we've set forth

15  in this motion.

16      But we're taking a conservative approach; and that

17  is -- well, let's look at the other documents.  Let's

18  make sure before we make that serious allegation that

19  we're comfortable in doing so.

20      And, Your Honor, that's exactly what the party's

21  contemplated when they settled this case and

22  incorporated this type of mechanism in the order that I

23  referenced.

24          THE COURT:  Okay.  So this is not a fishing

25  expedition then?

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    MR. CRANMER:  It's not a fishing expedition,

2  Your Honor.  If we hadn't set forth anything in the

3  motion, perhaps the Court could ask that question

4  legitimately.  I don't criticize the Court for saying

5  that.

6      But we set forth in great detail.  I'd urge the

7  Court to go back and look at pages three, four and five.

8  The information that we have.  And I would be happy to

9  go back through it, but there's -- you know, I'd be here

10  for another ten minutes, but I don't need to do that.

11      Look at those pages, that's the information we had.

12  I think that this procedure is entirely appropriate and

13  the right thing to do.

14          THE COURT:  Okay.

15          MR. CRANMER:  Thank you, Your Honor.

16          THE COURT:  Thank you, counsel.

17      Having reviewed the motion papers and having heard

18  the arguments of counsel, I've concluded that the motion

19  for expedited discovery should be granted.

20      And I will ask the parties to confer because I'm

21  not prepared to impose a seven-day production deadline

22  for the discovery that's being sought.

23      So I will ask counsel to confer to come up with a

24  reasonable period of time.

25      As counsel are aware, you will have 14 days from

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1  the date that my order is entered granting the motion to

2  file objections for review by Judge Tarnow.

3     So I guess any agreement that you enter into with

4  regard to a deadline for furnishing the expedited

5  discovery that is referred to and contained in the

6  motion papers should take account of that, the period

7  for filing objections.

8     But my ruling is that I'm, I'm convinced that the

9  motion for expedited discovery should be granted.

10    I've considered very carefully the arguments

11  advanced by opposing counsel and there are some issues

12  lurking in there with regard to the other case and all

13  that.

14    But it seems to me, on balance, the plaintiff has

15  made out its request for expedited discovery.

16    An order, as plaintiff's counsel says, to review

17  the information that would be contained in that

18  expedited discovery to determine if a further request

19  should be made to Judge Tarnow with regard to a possible

20  referral to the antitrust panel.  And that is my ruling.

21    There has been a recording made of this hearing and

22  it would be available for transcription if counsel wish

23  to order it.

24    And as I say, I will enter an order reflecting my

25  ruling and hopefully get it out as quickly as possible,

Valassis v News America 06-10240

Plaintiff's Motion For Expedited Discovery
2-3-2014

1    perhaps by the end of the day-to-day.

2         And court is now in recess.

3              MR. CRANMER:   Thank you, Your Honor.

4

5              (This hearing concluded at 10:57 a.m.)

6

7

8

9

10

11

12

13              CERTIFICATE OF COURT TRANSCRIBER

14

15

16   I hereby certify that I have transcribed

17   these proceedings to the best of my ability,

18   training, and knowledge.

19

20

21

22   CAROL S. SAPALA, RMR-FCRR           February 5, 2014

23

24

25

              Valassis v News America 06-10240