UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,

    Plaintiff,

v.

NEWS AMERICA INC., ET AL.

    Defendants.

Case No. 06-10240

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

_____/

**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING EXPEDITED DISCOVERY [432]; MOOTING DEFENDANTS' MOTION TO STAY ORDER GRANTING EXPEDITED DISCOVERY [433]; AND TERMINATING DEFENDANTS' MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT [436]**

Before the Court are Defendants' Objection to Magistrate Judge's Order Granting Expedited Discovery [432], Defendants' Motion to Stay Order Granting Expedited Discovery [433], Defendants' Motion for Enforcement of Settlement Agreement [436], Plaintiff's Responses [434, 435, 440], and Defendants' Replies [437, 438, 441]. For the following reasons, Defendants' Objection [429] is overruled, their Motion to Stay [433] is moot, and their Motion for Enforcement of Settlement Agreement [436] is terminated.

## STATEMENT OF FACTS

In 2006, Plaintiff filed this case against Defendants alleging bundling of free-standing inserts ("FSIs") and in-store promotions ("ISPs") in violation of the Sherman

Antitrust Act and other state laws. Defendants successfully sought remand of Plaintiff's state claims to state court. Subsequently, Plaintiff obtained a $300 million jury verdict in state court. In 2010, the parties settled Plaintiff's remaining federal claims for $500 million and memorialized their agreement in a Settlement Agreement. The parties also executed an Agreement Regarding Antitrust Panel and Assessment of Certain Future Business Practices (the "Panel Agreement"). The Panel Agreement memorialized the parties' agreement to submit a proposed order to the Court setting forth the procedure for appointing the panel, setting the standards for evaluating future claims, and outlining the parties rights in they believed the Settlement Agreement had been violated. The panel issued a Report and Recommendation [403] regarding the standards to be applied to the parties' future claims and the Court entered the panel's proposed Order with slight modifications on June 15, 2011 as document [412].

After the Court entered the Order [412], Plaintiff learned from consumer packaged goods manufacturers ("CPGs") that Defendants may have engaged in unlawful bundling and tying practices again. On November 8, 2013, Plaintiff filed both a separate action, *Valassis Comm., Inc. v. News Corp., et al*, No. 13-14654 ("*Valassis II*"), and a motion in this case. In this case, Plaintiff filed a Motion for Expedited Discovery [414]. Defendants filed a Response [425] and Plaintiff filed a Reply [427]. After a hearing held on February 3, 2014, the Magistrate Judge granted Plaintiff's Motion [414]. Defendants now object to the Magistrate Judge's ruling,

move for a stay pending resolution of their objection, and move to enforce the Settlement Agreement.

## STANDARD OF REVIEW

If a litigant expresses an objection to a magistrate judge's ruling on a nondispositive pretrial matter, the district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because the issue would have been decided differently. *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

**I. Defendants' Objection to Magistrate Judge's Order Granting Expedited Discovery [429]**

**A. Good Cause to Expedite Discovery Under the FRCP**

Defendants first argue that the Magistrate's Order [429] clearly erred in concluding that Plaintiff is entitled to expedited discovery because Plaintiff failed to show good cause as required by the Federal Rules of Civil Procedure. Plaintiff argues

that the Order [412] does not require a showing of good cause before the Court or panel grants expedited discovery. This Court's Order [412] states:

> If either party believes that the other party has violated any provision of this Order, it may, but is not required to, seek relief from the District Court by way of motion for further injunctive relief, contempt, or otherwise. Such party shall have rights to expedited discovery under the Federal Rules of Civil Procedure to the extent recommended by the panel described below or as may be allowed by the Court.

[412] at ¶3. The plain language of the Order [412] says that a party who *believes* that the other party has violated any provision of this Order party *shall* have rights to expedited discovery. Plaintiffs' argument on this point prevails. Defendants are improperly trying to impute the good-cause requirement from Federal Rule of Civil Procedure 26(d) and its precedent into an inapt context. This case was long ago litigated to settlement. As stated in Defendants' own Objection [432], the good-cause requirement of Rule 26(d) contemplates expedited discovery "in advance of a Rule 26(f) conference." *Gen. Ret. Sys. of Detroit v. Onyx Capital Advisors LLC*, No. 10-11941, 2010 WL 2231885 at *3 (E.D. Mich 2010) (Hood, J.). The parties in this case held the Rule 26(f) conference on or before June 30, 2006 when they filed their Rule 26(f) Report [32].

Defendants' Reply [438] continues in this circular fashion. The Reply [438] argues that Plaintiff cannot be allowed to obtain discovery—i.e. evidence of violation

of the Settlement Agreement—before it puts forth evidence that Defendants violated the Settlement Agreement. Defendants' Reply [438] is also unavailing.

### B. A Qualifying Motion Arising Out of This Court's Order [412]

Defendants next argue that the Magistrate's Order [429] clearly erred in concluding that Plaintiff is entitled to expedited discovery because Plaintiff failed to file the motion required by this Court's Order [412]. Again, this Court's Order [412] states:

> If either party believes that the other party has violated any provision of this Order, it may, but is not required to, seek relief from the District Court by way of motion for further injunctive relief, contempt, or otherwise.

[412] at ¶3. Defendants argue that Plaintiff's Motion [414], which begins with the sentence, "Plaintiff Valassis Communications, Inc. ("Valassis") *seeks relief* under this Court's Order dated June 15, 2011, Dkt. 412," (emphasis added) does not constitute a motion seeking relief under the Order [412]. In its Motion [414], the relief that Plaintiff sought was expedited discovery. Expedited discovery is a form of relief that falls under the "or otherwise" category of relief properly sought under the Order [412]. The Magistrate's Order [429] did not clearly err when it concluded that Plaintiff filed the proper motion as required by this Court's Order [412].

### C. Allegations in Its Second Complaint Against Defendants to Support Its Motion for Expedited Discovery

Defendants argue that the Magistrate's Order [429] clearly erred in concluding that Plaintiff alleged any post-release conduct that violated this Court's Order [412]. Defendants argue that Plaintiff's Motion [414] fails to specify when alleged violations occurred. In their Motion [414], Plaintiff's alleges "[s]ince entry of the Order, Valassis has obtained information that News America has engaged in unlawful bundling and tying under the federal antitrust laws." [414] at ¶14. Plaintiff then goes on to request discovery of Defendants records only since the effective date of the settlement, February 4, 2010. The Magistrate did not clearly err in concluding that Plaintiff sufficiently alleged post-release conduct that violated this Court's Order [412].

### D. Breach of the Panel Agreement

Defendants argue that the Magistrate clearly erred by sanctioning Plaintiff's alleged breach of the Settlement Agreement. Defendant's argue that the Plaintiff's filing of *Valassis II* constituted a breach of their previous Settlement Agreement. The Magistrate did not sanction *Valassis II* in its Order [429] or at the February 3, 2014 hearing. Therefore, that issue is not properly the subject of an objection under Rule 72(a).

### E. Hardship Due to Expedited Discovery

Defendants argue that the Magistrate clearly erred by failing to account for the substantial prejudice and hardship expedited discovery would impose on them. The Magistrate had the benefit of Plaintiff's argument that the burden of expedited discovery on Defendants is mitigated by Defendants' production of the same documents and information in parallel antitrust litigation with CPGs. Defendants did not respond to this argument before the Magistrate or in their Objection [432]. The Court cannot say that the Magistrate clearly erred by failing to account for the hardship expedited discovery would impose on Defendants.

Defendants' Objection [432] is overruled.

## II. Defendants' Motion to Stay Order Granting Expedited Discovery [433]

The Court has overruled Defendants' Objection [432] to the Order [429] granting expedited discovery. Defendants' Motion to Stay Order Granting Expedited Discovery Pending Consideration of Defendants' Objections [433] is, therefore, moot.

## III. Defendants' Motion for Enforcement of Settlement Agreement [436]

Defendants' Motion [436] states, "If NAM's motion to dismiss is granted—and all claims asserted in the *Valassis II* Complaint are dismissed with prejudice—the relief sought in this motion will be unnecessary." [436] at 3. The issues Defendants raise in this Motion [436] regarding *Valassis II* are more properly examined in the

context of their Motion to Dismiss in *Valasiss II*. *See* No. 13-14654, doc. [22]. The Court declines, therefore, to examine them here.

## CONCLUSION

**Accordingly**,

**IT IS ORDERED** that Defendants' Objection [429] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion Stay Order Granting Expedited Discovery [433] is **MOOTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Enforcement of Settlement [433] is **TERMINATED.**

**SO ORDERED**.

Dated: May 20, 2014

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge